FILED

2013 Jul-18  PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ASHLEE STEIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:**_____ |
| | ) | |
| **MONTEREY FINANCIAL SERVICES INC** | ) | |
| **d/b/a MONTEREY COLLECTION SERVICES;** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | **JURY DEMAND** |
| **INC.;EQUIFAX INFORMATION SERVICES,** | ) | |
| **LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff Ashlee Stein, by and through counsel, in the above styled cause, and states her Complaint as follows:

### PARTIES

1.      Plaintiff Ashlee Stein is a resident of Shelby County, Alabama, over 19 years of age, and is competent to bring this action.

2.      Defendant Monterrey Financial Services Inc. (hereinafter "Monterrey") is a California corporation with its principal place of business located in Oceanside, California and was doing business in Shelby County, Alabama at all times material to this Complaint.

3.      Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit reporting agency ("CRA"), an Ohio corporation with its principal place of business located in Orange, California and was doing business in Shelby County, Alabama at all times material to this Complaint.

4.      Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a credit reporting agency ("CRA") registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing business in Shelby County, Alabama at all times material to this Complaint.

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331. *See Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (2012).

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District.

7.      Congress enacted the TCPA in 1991 to address certain telemarketing practices widely considered invasive of consumer privacy.

8.      While the statute imposed restrictions on a wide set of telemarketing practices, its strictest provisions apply to telemarketing by automatic telephone dialing system. *See* 47 U.S.C. § 227(b)(1).

9.      An automatic telephone dialing system (sometimes called "autodialer") is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator to dial the numbers[,]" and has the capacity to dial such numbers. *Id.* § 227(a)(1).  The term extends to equipment that has the capacity to dial numbers without human intervention. *See In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14093 (2003).

10.     With the limited exception of calls made for emergency purposes, the TCPA bans *all* calls to cell phones placed through an autodialer, regardless of whether they solicit the sale of goods or services, unless the recipient of the call provides "prior express consent" to receive the calls.  47

U.S.C. § 227(b); 47 C.F.R. § 64.1200(a)(1).

11.     "Prior express consent" exists where a consumer has (a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase of goods or services. *See In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 F.C.C.R. 12391, 12396, para. 11 (1995).

12.     Another innovation realized through the TCPA was the Federal Trade Commission's establishment of the National Do Not Call Registry.

13.     The Registry allows consumers to opt-out of telemarketing by registering their numbers on a federal database.  More than 200 million numbers are listed on the Registry.  The TCPA prohibits persons or entities from initiating telephone solicitations to consumers who have listed their phone numbers on the Registry, unless the consumer provides "prior express invitation or permission." 47 U.S.C. §§ 227(a)(4), (c); 47 C.F.R. § 64.1200(c).

14.     The requisite prior express invitation or permission "must be evidenced by a signed, written agreement between the consumer and the seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed[.]" *Id.* § 64.1200(c)(2)(ii).

15.     To ensure the effectiveness of the Do Not Call Registry, telemarketers are required to access the database and to "scrub" their calling lists of the telephone numbers in the database.

16.     A person whose number is on the Registry, and "who has received more than one telephone solicitation within any 12-month period by or on behalf of the same entity" in violation of the TCPA, can sue the violator and seek statutory damages.  47 U.S.C. § 227(c)(5).

### FACTUAL ALLEGATIONS

17.     In September, 2012, Defendant Monterey began calling Plaintiff's cellular telephone number without any permission of any type from Plaintiff.

18.     When Plaintiff first received calls from Defendant Monterey in September 2012, and continually thereafter, Plaintiff explained to Defendant Monterey the debt it was calling about was not hers.

19.     Plaintiff has also informed Defendant Monterey since September 2012 that it was calling her cellular phone and she has further instructed Defendant Monterey not to call her on her cell phone, yet Defendant Monterey has failed and refused to stop harassing Plaintiff about a debt that she does not owe by calling her on her cellular telephone.

20.     In September 2012, Defendant Monterey began harassing collection activities against Plaintiff making dozens of harassing and repeated phone calls to Plaintiff's cellular telephone on a cellular telephone Plaintiff has never given Defendant permission of any type to call.

21.     Defendant Monterey illegally used an autodialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227, et seq. ("TCPA[1]").

22.     Defendant Monterey illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

23.     Defendant Monterey illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

24.     The volume and type of calls are harassing as the intent and motive behind them are to harass Plaintiff as Defendant Monterey has been calling Plaintiff on her cellular phone two to three times per week since September 2012 although she has instructed Defendant not to call her cellular telephone or contact her at since this is not a debt she owes, however, Defendant Monterey persists at contacting Plaintiff by calling her cellular telephone.

---

[1] Any reference to the TCPA includes all applicable subsections whether explicitly stated or not.

25.    Plaintiff verbally instructed Defendant Monterey to cease and desist making calls to her cellular telephone number explaining to Defendant it did not have permission to call his cellular telephone.

26.    Defendant Monterey has failed and refused to cease and desist the calls to Plaintiff's cellular telephone.

27.    All telephone contact by Monterey to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

28.    The telephone calls placed by Monterey to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

29.    The telephone number that Monterey used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

30.    The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31.    Plaintiff never gave Defendant express consent to call her cellular telephone, and further, instructed Defendant not to call her cellular telephone.

32.    Monterey did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

33.    Monterey's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency

purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

34.     Defendant Monterey illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA). Defendant Monterey illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

35.     Plaintiff never gave Defendant Monterey express consent to call Plaintiff's cell phone with an autodialer or with a predictive dialer.

36.     Plaintiff never gave Defendant Monterey permission to call Plaintiff's cell phone with pre- recorded calls.

37.     The volume and type of calls are harassing as the intent and motive behind them is to harass Plaintiff.

38.     The above-detailed conduct by Defendant Monterey of harassing Plaintiff was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

39.     This series of abusive collection calls by Defendant Monterey by and through its employees, agents, and/or representatives caused Plaintiff stress and anguish as a result of these abusive calls.

40.     Defendant Monterey's repeated attempts to collect this debt from Plaintiff and its refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

41.     Defendant Monterey reported to the credit reporting agencies that Plaintiff owed this money and was in default when Plaintiff did not owe this money to Defendant Monterey.

42.     Defendant Monterey has illegally pursued Plaintiff for a debt she does not owe since September 2012.

43.     The debt being collected is a "consumer debt" as defined by the FDCPA.

44.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

45.     Defendant Monterey is a "debt collector" as defined by the FDCPA.

46.     Plaintiff sent dispute letters to Defendants Equifax and Experian providing the Monterey account number and explaining this was not her account, that she did not owe this account, that the trade line for Monterey was incorrect and requesting deletion of the Monterey account.

47.     No Defendant was concerned or cared about what Plaintiff told them in her dispute letter and no Defendant had any intention of performing a reasonable investigation.

48.     In fact, none of the Defendants performed any type of reasonable investigation and/or re-investigation.

49.     Defendants Experian and Equifax notified Defendant Monterey in accordance with the FCRA of the dispute by the Plaintiff.

50.     Alternatively, Defendants Experian and Equifax did not properly notify Defendant Monterey, and as a part of this failure, did not include all relevant information provided by Plaintiff in their notification to Defendant Monterey.

51.     All three Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the Monterey accounts inaccurately and incorrectly reported by Defendants Experian and Equifax would have been deleted.

52.     On or about March 25, 2013, Defendant Experian Defendant Experian prepared and sent Plaintiff report numbered 3699-7997-41 revealing the results of its reinvestigation verifying the inaccurate account of Defendant Monterey and refusing to delete said account.

53.     On or about March 6, 2013, Defendant Equifax prepared and sent Plaintiff report numbered 3051008042 revealing the results of its reinvestigation verifying the inaccurate account of

Defendant Monterey and refusing to delete said account.

54.     The reports Defendants Experian and Equifax prepared and issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants Experian, Equifax and/or Monterey following Plaintiff's dispute shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

55.     All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

56.     Defendants Equifax and Experian have completely abdicated each one's obligations under federal and state law to perform a reasonable reinvestigation and have instead chosen to merely "parrot" whatever the customer, Defendant Monterey, has told it to say.

57.     Defendants Equifax and Experian has a policy to favor the paying customer, in this situation Defendants Monterey and LVNV, rather than what the consumer or even a court says about a debt.

58.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

59.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

60.     Defendant Monterey has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Monterey knows no balance is owed.

61.     Defendant Monterey promised through subscriber agreements or contracts to accurately update accounts but Defendant Monterey has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

62.     Defendant Monterey had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report its accounts, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

63.     Defendant Monterey has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct. In this matter, Defendants Monterey, Equifax and Experians' failure to remove Plaintiff's account is a prime example of "parking" an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

64.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and/or the balance.

65.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

66.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

67.     At all relevant times the Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

68.     Defendant Monterey  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

69.     Defendant Monterey has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include harassing Plaintiff on her cellular telephone and the continued reporting of the debt to third parties, including consumer-reporting agencies such as Experian and Equifax, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

70.     Defendants Equifax and Experian have failed to maintain Plaintiff's accounts with maximum accuracy and all three Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

71.     The conduct of the three Defendants have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

72.     It is a practice of Defendant Monterey to maliciously, willfully, recklessly, wantonly

and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

73.     It is a practice of Defendants Equifax and Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

74.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

75.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law. The inaccurate reports prepared by Defendants Equifax and Experian have been used by third parties to cause adverse actions with respect to Plaintiff, including negatively affecting her credit, credit opportunities, insurance rates, credit card rates, and other such items.

76.     Defendants Experian, Monterey, and/or Equifax have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all three Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

77.     Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant Monterey in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION
## ACT ("TCPA") 47 U.S.C. § 227, et seq.

78.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

79.    Defendant Monterey has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers and/or predictive dialers that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff at all hours of the day and night, including calls to Plaintiff's cellular telephone.

80.    Defendant Monterey has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff's cell phone for which Monterey had no authorization to call.

81.    There is no exception or justification for the numerous violations of the TCPA by Defendant Monterey.

82.    Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant Monterey in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

83.    All actions taken by Defendant Monterey were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless

disregard of the TCPA.

84.     All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Monterey for statutory, actual, compensatory, and/or punitive damages an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.  Further, Plaintiff prays for further and other just and equitable relief against Defendant Monterey.

## COUNT II
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS
## AND/OR INTENTIONAL CONDUCT

85.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

86.     Defendant Monterey owed a duty to Plaintiff not to place telephone calls to Plaintiff's cellular telephone in violation of state and/or federal law, not to continually harass her with regard to this debt in violation of state and/or federal law.

87.     Defendant Monterey had a duty under Alabama law to act reasonably under the circumstances.

88.     Defendant Monterey violated this duty under Alabama law by contacting and then failing to cease contacting Plaintiff on her cellular telephone in violation of state and/or federal law.

89.     Defendant Monterey violated its duties to Plaintiff and such violations were made intentionally, recklessly, willfully, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties that Defendant had.

90.     Defendant Monterey has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff and not to inaccurately report information on Plaintiff's credit reports to be disseminated to third parties.

91.     Defendant Monterey has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies which allows Plaintiff's credit reports to be inaccurately disseminated with inaccurate and defamatory information about Plaintiff.

92.     Defendant Monterey violated its duties to Plaintiff with respect to her credit reports and the violations involving Plaintiff's credit reports were made willfully, intentionally, recklessly, and/or maliciously, as Defendant refused to comply with all the duties Defendant had.

93.     Defendants Experian and Equifax each violated its respective duties to Plaintiff by allowing inaccurate information into its credit reports and then disseminating inaccurate and defamatory information about Plaintiff.   These violations were made willfully, intentionally, recklessly, and/or maliciously as this Defendant refused to comply with all the duties it had or owed to Plaintiff.

94.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Monterey, Equifax, and/or Experian, jointly and severally, for actual, compensatory, and/or punitive damages in an amount to

be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and

the costs and expenses of this proceeding.    Further, Plaintiff prays for further and other just and

equitable relief.

**COUNT III**
**NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION**
**OF EMPLOYEES AND/OR AGENTS**

95.    All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

96.    Defendant Monterey negligently, wantonly, willfully, recklessly, and/or intentionally

hired, retained, and/or supervised incompetent personnel, who were allowed or encouraged to violate the

law as was done to Plaintiff as stated throughout this Complaint, including making calls to Plaintiff's

cellular telephone without permission, after Plaintiff instructed Defendant Monterey's employees and/or

agents to stop calling her cellular telephone, and by continually harassing Plaintiff for a debt she does not

owe and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages

suffered by Plaintiff.  Defendant Monterey's employees, agents, and/or representatives committed the

violations of state and/or federal law as set forth in this Complaint.

97.    Defendant Monterey was negligent or wanton in the hiring, training, and/or

supervision of its employees and/or agents.

98.    The employees and/or agents of Defendants Monterey while acting in furtherance

of each one's employment or agency by contacting Plaintiff when they knew, or should have known,

that such contact by calling Plaintiff's cellular telephone and continually harassing Plaintiff about

a debt she does not owe violated state and/or federal law was performed in the line and scope of each

one's respective employment or agency and each was incompetent to perform his/her duties and

Defendant did know, or should have known, of such incompetence.

99.     The negligent or wanton conduct of those employees and/or agents of Defendant Monterey while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Monterey for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Monterey.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

100.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

101.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Monterey violated Alabama state law as described in this Complaint, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone without express permission, using automated and/or predictive dialers, and/or leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

102.    Defendant Monterey intentionally, recklessly, willfully, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

103.     Defendant Monterey intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting upon an alleged debt and by repeatedly using an unlawful means in an attempt to collect a debt and thereby invaded Plaintiff's privacy thereby invading and intruding upon Plaintiff's right to privacy.

104.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

105.     The conduct of Defendant Monterey in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

106.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to compensatory and/or punitive damages from Defendant Monterey.

107.     All the above acts and omissions of Defendant Monterey by and through its agents and/or employees were committed with malice, willful intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant Monterey for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Monterey.

## COUNT V
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

108.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

109.    Defendant Monterey violated the FDCPA in numerous ways, including, but not limited to the following:

    a.    Falsely reporting the debt on Plaintiff's credit reports with Experian when Plaintiff does not owe the money;

    b.    Harassing and continuing to harass Plaintiff about a debt that Plaintiff did not owe when Defendant Monterey knew, or should have known, there was no basis for doing so;

    c.    Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Monterey is not entitled to collect upon.

110.    The violations of the FDCPA by the Defendant Monterey are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant Monterey's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Monterey for statutory, actual, compensatory and/or punitive damages to be determined by the trier of fact, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.

### COUNT VI
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

111.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

112.     Defendants Equifax and Experian is each a nationally known as a "consumer reporting agency," as codified at 15 U.S.C. §1681a(f).

113.     Defendant Monterey is an entity that regularly and in the course of business, furnishes information to one or more consumer reporting agencies about transactions or experiences with any consumer and therefore constitute a "furnisher," as codified at 15 U.S.C. § 1681s-2.

114.     Plaintiff notified Defendants Equifax and Experian directly of a dispute about Defendants Monterey's accounts completeness and/or accuracy, as reported.

115.     The credit reporting agencies, Defendants Equifax and Experian, failed to do a reasonable reinvestigation, delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate and/or reinvestigate Plaintiff's disputes.

116.     Plaintiff alleges that at all relevant times Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

117.     Plaintiff alleges that Defendants Monterey, Equifax and Experian failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i.

118.     All actions taken by Defendants Monterey, Equifax and Experian were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

119.     Defendants Monterey, Equifax and Experians' violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's

credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Monterey, Equifax and/or Experian, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VII
## DEFAMATION

120.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

121.    Defendant Monterey published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed" and/or failed to accurately reflect the status of Plaintiff's account.

122.    Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

123.    Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

124.    Plaintiff has been damaged as a proximate result of Defendant Monterey's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual

damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness,

physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Monterey and Monterey,

jointly and severally, for compensatory and punitive damages in an amount to be determined by the

trier of fact, together with interest from the date of injury and the costs and expenses of this

proceeding.


s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**


s/Wesley L. Phillips
OF COUNSEL


**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS
FOLLOWS:**

Monterey Financial Services Inc.
c/o Robert Steinke
1748 Kings Road
Vista, California 92084

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104