FILED

2014 Jun-12  AM 10:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| **ASHLEE STEIN,** | |
| **Plaintiff,** | |
| **v.** | **Case No.:  2:13-cv-01336-AKK** |
| **MONTEREY FINANCIAL SERVICES, INC. d/b/a MONTEREY COLLECTION SERVICES,** | **JURY DEMAND** |
| **Defendant.** | |

### <u>FIRST AMENDED COMPLAINT</u>

1.      Through this action, Plaintiff Ashlee Stein asserts claims both on behalf of a proposed nationwide class of persons, and on her own behalf.

2.      On behalf of the proposed class, Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendant Monterey violated the TCPA by using an automatic telephone dialing system, or "autodialer," to place debt collection calls to the Plaintiff's cellular telephone line without receiving her prior express consent. Instead of receiving prior express consent, Monterey harvested Plaintiff's cellular telephone numbers through a skip trace, a practice that does not and cannot give rise to prior express consent as the term is defined in the TCPA.

3.      On her own behalf only, Plaintiff asserts claims for Monterey's unlawful and harassing efforts to collect a debt she did not owe, for Monterey's violations of federal law by reporting that debt to credit reporting agencies, and for Monterey's failure to take corrective action after Plaintiff informed Monterey she did not owe the debt.

## PARTIES

4.      Plaintiff Ashlee Stein is a resident of Shelby County, Alabama, over 19 years of age, and is competent to bring this action.

5.      Defendant Monterey Financial Services, Inc. is a California corporation with its principal place of business located in Oceanside, California and was doing business in Shelby County, Alabama at all times material to this Complaint.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court under 28 U.S.C. §1331.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District.

## CLASS ACTION CLAIM

### *Legal Background Regarding Class Action Claim*

8.      Congress enacted the TCPA in 1991 to address certain telemarketing practices widely considered invasive of consumer privacy.

9.      While the statute imposed restrictions on a wide set of telemarketing practices, its strictest provisions apply to calls to cellular telephones placed through automatic telephone dialing systems and artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A).

10.      With the limited exception of calls made for emergency purposes, the TCPA bans *all* calls to cellular telephone lines placed using an automatic telephone dialing system, *see id.* § 227(a)(1), unless the recipient of the call provides "prior express consent" to receive the calls. *Id.* § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(1).

11.     According to the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, these calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

12.     On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

13.     The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *Id.* at 564-565, ¶ 10.

### *Factual Allegations Regarding Class Action Claim*

14.     On at least two occasions in April and May of 2012, Defendant Monterey used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place debt collection calls to the Plaintiff's cellular telephone number.

15.     Defendant Monterey was attempting to collect a debt she allegedly owed to a third-party called Luminess Direct, LLC.

16.     Plaintiff did not owe the debt Defendant Monterey was attempting to collect.

699645

17.     Plaintiff did not give Defendant Monterey prior express consent to place calls to her cellular telephone number.

18.     Plaintiff did not provide the Defendant with her cellular telephone number at the time of the transaction that resulted in the debt allegedly owed.

19.     Instead, Defendant obtained the Plaintiff's cellular telephone number through a skip trace search performed long after the transaction that gave rise to the alleged debt.

20.     Obtaining a cellular telephone number through a skip trace, rather than from the recipient of the call during the underlying transaction, does not constitute the recipient's prior express consent under the TCPA.

21.     When Defendant Monterey called the Plaintiff:

a.      As evidenced by notations in its collection records, Defendant knew that it was calling the Plaintiff on a cellular phone number; and

b.      As evidenced by the fact that it obtained the cellular phone number through a skip trace rather than from the Plaintiff, Defendant knew that the Plaintiff had not provided prior express consent to be called at that number.

22.     The above facts demonstrate that Defendant Monterey's violations of the TCPA were knowing and willful.

### *Class Certification Allegations*

23.     Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class.

24.     The class proposed for certification is tentatively defined as:

All persons or entities to whom, on or after July 18, 2009 through the date of class certification, Defendant Monterey Financial Services, Inc. or its affiliates, subsidiaries, or agents, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system.

699645

25.     Plaintiff brings the claim on behalf of a class because:

a.      Defendant Monterey had a corporate policy of performing skip trace searches to find telephone numbers for alleged debtors;

b.      As with the Plaintiff, these searches revealed cellular telephone numbers for alleged debtors;

c.      As with the Plaintiff, Monterey then placed collection calls using an automatic telephone dialing system to those numbers, without the called party's prior express consent; and

d.      All requirements for class certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure are met.

26.     The proposed class is identifiable by phone records and phone number databases.

27.     On information and belief, the potential class members number in the hundreds, and possibly thousands, and constitute a class so numerous that joinder of all class members is impracticable.

28.     Plaintiff is a member of the class.

29.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a.      Whether Defendant violated the TCPA by engaging in collection calls via autodialer without first obtaining prior express consent;

b.      Whether the Defendant obtained prior express consent from consumers before making calls to consumer's cell phones;

      c.      Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Defendant Monterey's actions.

30.     Plaintiff's claims are typical of the claims of the class.

31.     Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class, and she will fairly and adequately protect the interests of the class.

32.     Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

33.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

34.     Plaintiff is capable of and is willing to represent the other members of the class.

### *Class Action Legal Claim*

### Count I:
### Violations of the TCPA

35.     Paragraphs 1 through 34 of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

36.     With respect to the Plaintiff and all class members, Defendant Monterey violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls using an automatic telephone dialing system to cellular telephone numbers.

### *Class Action Relief Sought*

37.     On behalf of the proposed class, Plaintiff seeks:

699645

a.      An order certifying the proposed class under Federal Rule of Civil Procedure 23, establishing an appropriate class and any subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class;

b.      Injunctive relief prohibiting the Defendant from violating the law as alleged;

c.      Under 47 U.S.C. § 227(b)(3), $500 for each negligent violation of the TCPA, and up to $1,500 for each willful or knowing violation;

d.      An award of attorneys' fees and costs to counsel for Plaintiff and the class; and

e.      Any other relief the Court deems just and proper.

## INDIVIDUAL CLAIMS

### *Factual Allegations Regarding Individual Claims*

38.      In April 2012, Defendant Monterey began collection activities against Plaintiff, and made dozens of harassing and repeated phone calls to Plaintiff.

39.      The volume and type of calls are harassing as the intent and motive behind them are to harass Plaintiff as Defendant Monterey has been calling Plaintiff two to three times per week since April 2012, although she has instructed Defendant not to call her cellular telephone or contact her at since this is not a debt she owes, however, Defendant Monterey persists in contacting Plaintiff to attempt to collect the debt.

40.      Plaintiff verbally instructed Defendant Monterey to cease and desist calling her.

41.      Defendant Monterey failed and refused to do so.

42.      Defendant Monterey's conduct constituted an invasion of Plaintiff's privacy by an intrusion upon seclusion, and resulted in actual damages to the Plaintiff.

699645

43.     This series of abusive collection calls by Defendant Monterey by and through its employees, agents, and representatives caused Plaintiff stress and anguish.

44.     Defendant Monterey's repeated attempts to collect this debt from Plaintiff and its refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

45.     Defendant Monterey incorrectly reported to the credit reporting agencies that Plaintiff owed this money.

46.     Defendant Monterey has illegally pursued Plaintiff for a debt she does not owe since April 2012.

47.     The debt being collected is a "consumer debt" as defined by the FDCPA.

48.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

49.     Defendant Monterey is a "debt collector" as defined by the FDCPA.

50.     Plaintiff sent dispute letters to credit reporting agencies Experian and Equifax. She provided the Monterey account number and explained this was not her account, that she did not owe this account, that the trade line for Monterey was incorrect, and requested deletion of the Monterey account.

51.     Defendant did not perform a reasonable investigation or re-investigation regarding the alleged debt.

52.     Because Defendant failed to properly investigate or re-investigate these disputes, the accounts inaccurately and incorrectly reported by Experian and Equifax were not deleted.

53.     The failure to properly and/or reasonably investigate and/or re-investigate by Defendant Monterey following Plaintiff's dispute shows that  Defendant Monterey failed and

willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

54.    Defendant Monterey was provided with more than sufficient information in the dispute and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

55.    The importance of keeping balances on credit reports is that Defendant Monterey understands that one of the most powerful methods  debt collectors have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

56.    Defendant Monterey has a policy and procedure to refuse to update consumer's accounts  do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Monterey knows no balance is owed.

57.    Defendant Monterey promised through subscriber agreements or contracts to accurately update accounts but Defendant Monterey has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

58.    Defendant Monterey had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report its accounts, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

59.    Defendant Monterey has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off

the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.   In this matter, Defendant Monterey's failure to remove Plaintiff's account is a prime example of "parking" an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

60.     In parking or allowing the parking of an account, Defendant Monterey knows it is violating its obligations and duties under federal and state law to accurately report the account and/or the balance.

61.     Defendant knows that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

62.     Defendant maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

63.     Defendant Monterey failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

64.     Defendant Monterey has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include harassing Plaintiff on her cellular telephone and

the continued reporting of the debt to third parties, including consumer-reporting agencies such as Experian and Equifax, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

65.     The conduct of the Defendant has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

66.     It is a practice of Defendant Monterey to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

67.     All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals (or entities') employment, agency or representation.

68.     All actions taken by Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

69.     Defendant Monterey has engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

70.     Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant Monterey in the form of anger, anxiety, emotional distress, fear,

11

frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Individual Legal Claims*

### Count II:
### Negligent, Reckless, Wanton, Malicious, and Intentional Conduct

71.     Paragraphs 38 through 70 of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

72.     Defendant Monterey owed a duty to Plaintiff not to place telephone calls to Plaintiff's cellular telephone in violation of state and/or federal law, not to continually harass her with regard to this debt in violation of state and/or federal law.

73.     Defendant Monterey had a duty under Alabama law to act reasonably under the circumstances.

74.     Defendant Monterey violated this duty under Alabama law by contacting and then failing to cease contacting Plaintiff on her cellular telephone in violation of state and/or federal law.

75.     Defendant Monterey violated its duties to Plaintiff and such violations were made intentionally, recklessly, willfully, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties that Defendant had.

76.     Defendant Monterey has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff and not to inaccurately report information on Plaintiff's credit reports to be disseminated to third parties.

77.     Defendant Monterey has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies which allows Plaintiff's

699645

credit reports to be inaccurately disseminated with inaccurate and defamatory information about Plaintiff.

78.    Defendant Monterey violated its duties to Plaintiff with respect to her credit reports and the violations involving Plaintiff's credit reports were made willfully, intentionally, recklessly, and/or maliciously, as Defendant refused to comply with all the duties Defendant had.

79.    Plaintiff has been damaged as a proximate result of  Defendant's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Monterey for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief.

**Count III:**

**Negligent Hiring, Training, and Supervision of Employees and Agents**

80.    Paragraphs 38 through 70 of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

81.    Defendant Monterey negligently, wantonly, willfully, recklessly, and/or intentionally hired, retained, and/or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiff as stated throughout this Complaint, including making calls to Plaintiff's cellular telephone without permission, after Plaintiff instructed Defendant

13

699645

Monterey's employees and/or agents to stop calling her cellular telephone, and by continually harassing Plaintiff for a debt she does not owe and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.  Defendant Monterey's employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

82.     Defendant Monterey was negligent or wanton in the hiring, training, and/or supervision of its employees and/or agents.

83.     The employees and/or agents of Defendants Monterey while acting in furtherance of each one's employment or agency by contacting Plaintiff when they knew, or should have known, that such contact by calling Plaintiff's cellular telephone and continually harassing Plaintiff about a debt she does not owe violated state and/or federal law was performed in the line and scope of each one's respective employment or agency and each was incompetent to perform his/her duties and Defendant did know, or should have known, of such incompetence.

84.     The negligent or wanton conduct of those employees and/or agents of Defendant Monterey  while acting in furtherance of each one's employment or agency and in the line and scope each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Monterey for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.    Further, Plaintiff prays for further and other just and equitable relief against Defendant Monterey.

699645

**Count IV:**
**Invasion of Privacy by Intrusion Upon Seclusion**

85.     Paragraphs 38 through 70 of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

86.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Monterey violated Alabama state law as described in this Complaint, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone without express permission, using automated and/or predictive dialers, and/or leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

87.     Defendant Monterey intentionally, recklessly, willfully, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

88.     Defendant Monterey intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting upon an alleged debt and by repeatedly using an unlawful means in an attempt to collect a debt and thereby invaded Plaintiff's privacy thereby invading and intruding upon Plaintiff's right to privacy.

89.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

90.     The conduct of Defendant Monterey in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this

Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

91.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to compensatory and/or punitive damages from Defendant Monterey.

92.     All the above acts and omissions of Defendant Monterey by and through its agents and/or employees were committed with malice, willful intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant Monterey for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief against Defendant Monterey.

## Count V:
## Violations of the FDCPA, 15 U.S.C. § 1692 et seq.

93.     Paragraphs 38 through 70 of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein

94.     Defendant Monterey violated the FDCPA in numerous ways, including, but not limited to the following:

a.     Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money;

b.     Harassing and continuing to harass Plaintiff about a debt that Plaintiff did not owe when Defendant Monterey knew, or should have known, there was no basis for doing so;

16

c.      Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Monterey is not entitled to collect upon.

95.     The violations of the FDCPA by the Defendant Monterey are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant Monterey's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses,  attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Monterey for statutory, actual, compensatory and/or punitive damages to be determined by the trier of fact, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.

## Count VI:
## Violations of the FCRA, 15 U.S.C. § 1681 et seq.

96.     . Paragraphs 38 through 70 of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

97.     Defendant Monterey is an entity that regularly and in the course of business, furnishes information to one or more consumer reporting agencies about transactions or experiences with any consumer and therefore constitute a "furnisher," as codified at 15 U.S.C. § 1681s-2.

98.     Plaintiff notified Defendant Monterey directly of a dispute about Monterey's accounts completeness and/or accuracy, as reported.

99.     Plaintiff alleges that Defendant Monterey failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i.

100.     All actions taken by Defendants Monterey were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

101.     Defendant Monterey's violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Monterey for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.

## Count VII:
## Defamation

102.     Paragraphs 38 through 70 of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

699645

103.     Defendant Monterey published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed" and/or failed to accurately reflect the status of Plaintiff's account.

104.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

105.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

106.     Plaintiff has been damaged as a proximate result of Defendant Monterey's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Monterey for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER.**

/s/ David L. Selby
David L. Selby (ASB#6994-Y62D)
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, AL   35244
205-988-9253
205-733-4896 (facsimile)
dselby@baileyglasser.com

699645

OF COUNSEL:
Wesley L. Phillips (PHI053)
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
(205) 383-3585
(800) 536-0385 (facsimile)
wlp@wphillipslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been served on all parties/attorney(s) of record via either U.S. Mail, postage prepaid, electronic mail, facsimile, and/or electronic mail through the ECM/CF system this 12th day of June, 2014.

Brendan Little
LIPPES, MATHIAS, WEXLER, FRIEDMAN, LLP
665 Main Street, Suite 300
Buffalo, New York 14203

/s/ David L. Selby