# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **ASHLEE STEIN,** | |
| Plaintiff, | |
| v. | **Case No.:  2:13-cv-01336-AKK** |
| **MONTEREY FINANCIAL SERVICES, INC. d/b/a MONTEREY COLLECTION SERVICES,** | |
| Defendant. | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSE OR STRIKE AFFIRMATIVE DEFENSE

David L. Selby (ASB#6994-Y62D)
Bailey & Glasser, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, AL   35244
(205) 988-9253
dselby@baileyglasser.com

Wesley L. Phillips (PHI053)
Phillips Law Group, LLC
Post Office Box 362001
Birmingham, AL   35236
(205) 383-3585
wlp@wphillipslaw.com

In her class action complaint, Ms. Stein alleges that Monterey Financial Services, a debt-collection agency, violated the Telephone Consumer Protection Act by using an automated telephone dialing system ("ATDS") to make calls to consumers' mobile phones. Monterey admits that it made the calls, but relies on the affirmative defense of "prior express consent"; in other words, Monterey asserts that some or all of the call recipients actually wanted to receive automated debt-collection messages. To test that assertion, Ms. Stein posed a very straightforward interrogatory: *who*?

Despite bearing the burden to support its affirmative defense, Monterey refuses to answer. Monterey should be ordered to do so, or pursuant to Rule 37 of the Federal Rules of Civil Procedure, its affirmative defense of "prior express consent" should be stricken.

## TCPA BACKGROUND

Among other things, the TCPA prohibits the use of ATDS for calls to mobile telephones. *See* 47 U.S.C. § 227(b)(1)(A)(iii). One of the few affirmative defenses available to a TCPA defendant is that of "prior express consent." *Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1224 (S.D. Fla. 2014). Affirmative defenses under the TCPA must be established by "clear and convincing evidence." *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 20 F.C.C. Rcd. 3788, 3805 (2005). In denying Monterey's previous motion for summary judgment, this Court recognized that for debt-collection calls, prior express consent is granted only if a consumer provides her wireless number "to the creditor" and "during the transaction that resulted in the debt owed." *Memorandum Opinion and Order Denying Def.'s Mot. For S.J.,* ECF No. 50 at 6, 9 (citing *In the*

*Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling*, 23 FCC Rcd. 559, ¶ 10 (2008)). Numerous courts throughout this Circuit (including the Eleventh Circuit itself) have recognized and properly applied the 2008 FCC Ruling in cases alleging violations of the TCPA arising from auto-dialed or pre-recorded debt-collection calls. *See, e.g., Mais v. Gulf Coast Collection Bureau, Inc.,* 768 F.3d 1110, 1118-20 (11th Cir. 2014) (concluding debt collector had consent to make auto-dialed collection calls *only* because debtor provided creditor with his cell phone number at the time of the underlying transaction, "consistent with the meaning of prior express consent announced by the FCC in its 2008 Ruling").[1]

## FACTS

After denying Monterey's motion for summary judgment, the Court ordered a period of discovery concerning class certification. Among other requests, Ms. Stein propounded the following two interrogatories aimed at identifying class members and unearthing any basis for Monterey's affirmative defense:

---

[1] *See also Breslow v. Wells Fargo Bank*, *N.A,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) (citing 2008 FCC Ruling and awarding summary judgment **to the plaintiff** because plaintiff did not consent to ATDS calls at the time of underlying transaction); *Hines v. CMRE Fin. Servs.*, 2014 WL 105224, *4 (S.D. Fla. Jan. 10, 2014) (granting summary judgment **to plaintiff** where defendant made auto-dialed collection calls to plaintiff and could produce no evidence that plaintiff provided his wireless number to original creditor during underlying transaction); *Conklin v. Wells Fargo Bank, N.A,* 2013 WL 6409731, *3 (M.D. Fla. Dec. 9, 2013) (citing 2008 FCC Ruling and concluding plaintiff stated TCPA claim by alleging that he received auto-dialed debt collection calls and did not provide his wireless number during transaction giving rise to the debt owed); *Gray v. Morgan Drexen, Inc.*, 2014 WL 2573227, *3 n.2 (M.D. Fla. June 9, 2014) (properly distinguishing more permissive consent rule for telemarketing calls from more restrictive rule imposed on debt-collection calls by 2008 FCC Ruling).

**Interrogatory # 1**

Identify all calls made by you to any mobile phone number, using any ATDS technology, in the four years prior to the filing of the Plaintiff's complaint . . . .[2]

**Interrogatory #2**

For each call responsive to Interrogatory 1, state whether you contend that the call recipient provided his or her mobile number to the creditor during the transaction that resulted in the debt owed, and identify all documents, data, recordings, testimony, or other evidence that supports your conclusion.

(Ex A., Pl.'s First Set of Class Discovery Requests).

Monterey first claimed it could not answer Interrogatory #1 because it had no way of distinguishing ATDS calls to mobile phones from ATDS calls to land lines (a troubling admission given the nature of Ms. Stein's claims). (See Ex. B, Def.'s Response to First Class Discovery Requests, Resp. to Interrogatories #1 & 2). Nonetheless, in the spirit of cooperation, Ms. Stein suggested that if Monterey would produce a record of *all* ATDS calls to *any* number, Ms. Stein would hire an expert to screen the records for calls to mobile phones. Monterey agreed, and promised that if Ms. Stein did so, Monterey would provide an answer to Interrogatory #2. (Ex. C, Def.'s Supp. Resp. to First Class Discovery Requests, Resp. to Interrogatory #2).

So — *at her own expense* — Ms. Stein helped Monterey answer Interrogatory #1.[3] The records produced by Monterey revealed 872,627 ATDS calls to 52,860 different mobile

---

[2] Plaintiff specified that a "complete answer" would include, among other things, identifying information about the persons called, the calls themselves, and the equipment used to make the calls.

[3] To determine which calls were made to cellular telephone numbers, Ms. Stein's expert retained a third-party company, Contact Center Compliance Corporation, to query the Nuestar database, which is "by

3

numbers between February 13, 2013, and July 17, 2013. (Ex D, Snyder Rep't ¶ 27).[4] Unfortunately, Monterey has not kept its end of the bargain. As nearly two years of discovery draw to an end, Monterey refuses to answer the most critical question in this case, which Monterey must support with clear and unambiguous evidence: who, if anyone, consented to receive the ATDS debt-collection calls at issue in this case?

## ARGUMENT

### A. Monterey must answer Interrogatory #2.

The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). For this reason, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Interrogatory #2 is directly relevant to Monterey's prior express consent defense, and Monterey should be compelled to answer it.[5]

Numerous courts, including a recent opinion from a district court in the Eleventh Circuit, have held that TCPA defendants must answer interrogatories and requests for production seeking the identities of persons to whom an alleged prior express consent

---

far the most authoritative and popular" database that associates telephone numbers with a landline or cellular carrier network identifier. (Ex D, ¶¶ 17-24, 26).

[4] Although the TCPA has a four-year statute of limitations, Monterey claims that it has no records of individual ATDS calls prior to February 13, 2012. This is another troubling admission concerning Monterey's TCPA compliance efforts. Although not conceding the issue, Ms. Stein has agreed to temporarily limit discovery to calls occurring after February 13, 2013.

[5] Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Ms. Stein certifies that she has in good faith conferred with the Monterey in an effort to obtain this discovery without court intervention.

defense applies. Just a few months ago, in *Martin v. Global Marketing Research Services, Inc.,* a court in the Middle District of Florida was asked to compel a defendant's response to the following interrogatory:

> Identify each Person by name, telephone, and date and time called, that You called where you obtained prior express consent to call the Person in the same manner by which You obtained prior express consent to call Plaintiff.

No. 14-1290, 2015 WL 6083537 at *4 (M.D. Fla. Oct. 15, 2015). Granting the plaintiff's motion, the court concluded that the information requested was "plainly relevant to class certification," in that it was "probative of class membership and may be significant to Plaintiffs' ability to establish the ascertainability, numerosity, commonality, and typicality requirements of class certification." *Id.* Other courts in other districts have reached similar results. *See also, e.g., Webb v. Healthcare Revenue Recovery Grp., LLC,* No. 13-00737, 2014 WL 325132, * 3-4 (N.D. Cal. Jan. 29, 2014) (compelling production of all prior express consent evidence defendant planned to use in opposing class certification); *Martin v. Bureau of Collection Recovery*, 2011 WL 2311869, at *4 (N.D. Ill. June 13, 2011) (compelling response to plaintiff's discovery because "if [the defendant] is asserting [a prior express consent] defense, it will have to garner this evidence for its own purposes"); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500 (N.D. Ill. 2009) *objections overruled,* No. 09 C 2264, 2010 WL 308975 (N.D. Ill. Jan. 13, 2010) (requiring debt collector defendant in TCPA case to produce class-wide documentation and information relating to its prior express consent defense in response to consumer's discovery request in class action, even if collector would have to create special

5

programs to extract such information and compiling such information would take several hundred hours).

This case is no different. If Monterey intends to rely on its prior express consent defense, it will ultimately bear the burden of specifically identifying any class members to whom its affirmative defense of prior express consent applies. Thus, Interrogatory #2, which simply asks Monterey to disclose that information in advance, is a critical and relevant question that Monterey should be compelled to answer.[6]

### B. Monterey Has Not Responded to Interrogatory #2 by Producing Documents.

Although it has not done so in a formal discovery response, Monterey will probably claim that it has answered Interrogatory #2 by producing documents pursuant to Rule 33(d), which, under certain circumstances, allows a party to answer an interrogatory by specifying business records and allowing the interrogating party to inspect them. The documents produced by Monterey, however, fall far short of the requirements of this Rule.

First, Monterey has not "specifi[ied] the records that must be reviewed, in sufficient detail to enable [Ms. Stein] to locate them and identify them as readily as [Monterey] could." Fed. R. Civ. P. 33(d). Rule 33 exists for convenience, not avoidance. It does not permit a party to circumvent a proper interrogatory by engaging in the "wholesale dumping of

---

[6] Monterey's boilerplate objections to the breadth and alleged vagueness of Interrogatory #2 cannot be sustained. The request is no broader than necessary; it seeks critical information that is appropriately limited in time (between February 13, 2013, and July 17, 2013) and scope (concerning the -872,627 ATDS-to-mobile calls at issue). Neither is it vague in any respect. Monterey asserted a specific affirmative defense: that some or all of the recipients of the calls at issue provided prior express consent. In return, Ms. Stein asked a specific question: who?

documents." *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D. Cal. 1999). Rather, "the appropriate answer when documents are to be used is to list the specific document provided the other party and indicating the page or paragraphs that are responsive to the interrogatory." *State of Colo. ex rel. Woodard v. Schmidt-Tiago Const. Co.*, 108 F.R.D. 731, 735 (D. Colo. 1985) (citing *Daiflon Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 227 (10th Cir. 1976)).

Monterey has done nothing of the kind. To support its prior express consent defense, Monterey provided a hard drive with thousands of uncategorized and incomprehensibly labeled files in .txt format. Here is what these "business records" look like, as Monterey produced them:



(Exhibit E). This screen shot (edited to protect potentially identifying data) shows less than 1% of one file out of more than 4,700 such files. Monterey produced a separate "key" that purports to list the categories of information that can be gleaned from this data when imported into a spreadsheet. Notably missing: any explanation of how to use this data to answer Interrogatory #2.

7

To be sure, Ms. Stein could attempt an interpretation of the .txt files, or even hire an expert to do the same. But it would only be a guess, and if she were wrong, the consequences could be severe. This only further demonstrates why Monterey's invocation of Rule 33(d) would be improper: a party may produce business records in response to an interrogatory only "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). "An important—often key—factor in weighing the respective burdens on the parties is the interrogated party's familiarity with its own documents." *T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 454 (W.D.N.C. 1991). Try as they might, Ms. Stein and her legal team could not possibly understand and interpret this data as easily as Monterey, who created and maintained it. *See, e.g., Minter v. Wells Fargo Bank, N.A.*, 286 F.R.D. 273 (D. Md. 2012) (concluding that business defendant in putative class action was in better position than consumers to identify and analyze existing information created by defendant and in defendant's possession).

Thus, the scattered data provided by Monterey is not a suitable answer to Interrogatory #2, but an impermissible attempt to "impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records." *See Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo. 1972). Ms. Stein has already spent thousands of dollars helping Monterey answer one interrogatory, and now it wants her to dig through a *massive* amount of a data and spend thousands more in a potentially vain effort to help Monterey establish its own affirmative defenses. That is not the purpose of Rule 33(d).

## C. If Monterey Cannot or Will Not Answer Interrogatory #2, the Court Should Strike Monterey's Affirmative Defense.

Rule 37 provides that if a party fails to comply with an order to permit discovery, the Court may, among other remedies, "prohibit[] the disobedient party from supporting or opposing designated claims or defenses," or "strik[e] pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iii). Accordingly, if the Court orders Monterey to provide an answer to Interrogatory #2, and Monterey does not comply, the Court should prohibit Monterey from further asserting its prior express consent defense. *See, e.g., Pandora Jewelry, LLC v. Cappola Capital Corp.,* No. 06-845, 2009 WL 790129, at *5 (M.D. Fla. Mar. 23, 2009) (striking unsupported affirmative defense as a discovery sanction under Rule 37, so that plaintiff would not be "ambushed" at trial).

This would be an appropriate result. As another Court noted in a TCPA case, "If [a] defendant does not have documents or other information which substantiates the [prior express consent] defense, it is difficult to fathom why it interposed that defense in the first place." *Balbarin v. North Star Capital Acquisition, LLC*, No. 10-1846, 2010 U.S. Dist. LEXIS 118992, at *3 (N.D. Ill. Nov. 9, 2010). Ms. Stein cannot say for sure why Monterey has not responded to Interrogatory #2. Perhaps Monterey simply does not have the information. If that is the case, then after two years of discovery, Monterey should say so and be bound by that answer. But perhaps Monterey sees a strategic advantage in not answering. If, in fact, some of the 52,860 call recipients provided their mobile numbers to the original creditors, then Ms. Stein can seek certification of a class that excludes such individuals. But if

9

Monterey withholds this information, it can try to defeat class certification by speculating that hypothetical consent defenses will present too many individualized questions for class treatment — thus avoiding liability for *all* calls, even those made without consent. The Court should nip such gamesmanship in the bud.

"If [a] defendant cannot substantiate [the prior express consent] defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense." *Id.* If, in this case, Monterey proves unwilling to make such a concession, the Court should not hesitate to exercise its powers under Rule 37.

## CONCLUSION

Ms. Stein's motion is straightforward. Monterey simply cannot assert the affirmative defense of prior express consent (in reality, its only defense) and then refuse to answer the most basic question about that defense: who provided it?

For the foregoing reasons, Ms. Stein's motion to compel should be granted.

**Respectfully submitted,**

*/s/ David L. Selby*
David L. Selby (ASB#6994-Y62D)
Bailey & Glasser, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, AL   35244
(205) 988-9253

Wesley L. Phillips (PHI053)
Phillips Law Group, LLC
Post Office Box 362001
Birmingham, AL   35236
(205) 383-3585
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has been served on all parties/attorney(s) of record via either U.S. Mail, postage prepaid, electronic mail, facsimile, and/or electronic mail through the ECM/CF system this 12th day of January, 2016.

Brendan Little
LIPPES, MATHIAS, WEXLER, FRIEDMAN, LLP
665 Main Street, Suite 300
Buffalo, New York 14203


                                                     /s/ David L. Selby